UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAUL GUTIERREZ SANTA CRUZ,
A-Number: 208-447-986,

Petitioner,

v.

WARDEN MESA VERDE ICE PROCESSING CENTER,

Respondents.

No. 1:26-cv-04250-KES-EGC (HC)

**FINDINGS AND RECOMMENDATIONS TO GRANT IN PART AND DENY IN PART PETITION FOR WRIT OF HABEAS CORPUS**

(Doc. 1)

[14-DAY DEADLINE]

## I. INTRODUCTION

Petitioner Raul Gutierrez Santa Cruz is an immigration detainee proceeding *pro se* with a petition for writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1). Petitioner has been detained in the custody of U.S. Immigration and Customs Enforcement ("ICE") since February 10, 2026, without any individualized custody determination by a neutral decisionmaker. For the reasons set forth below, the undersigned recommends that the petition (Doc. 1) be **GRANTED IN PART**, that Respondent be directed to provide Petitioner an individualized bond hearing before an immigration judge, and that the petition be **DENIED** to the extent it seeks immediate release from custody.

## II. BACKGROUND

### A. Petitioner's Immigration History and Detention

Petitioner is a native and citizen of Cuba. (Doc. 8-1 at 1). He entered the United States at

or near Hidalgo, Texas, on or about September 13, 2015, and his status was adjusted to that of a lawful permanent resident in 2019. (*Id.* at 1-2).

On June 11, 2024, Petitioner was convicted in the Twelfth Judicial Circuit Court, Sarasota County, Florida, of unlawful conveyance of fuel, use of non-approved fuel containers, and possession of cocaine, in violation of Florida Statutes sections 316.80(1) and 893.13(6)(a). (*Id.* at 2). He was sentenced to a three-year term of probation. (*Id.*).

On February 10, 2026, ICE officers encountered Petitioner at a state probation office in Naples, Florida, and took him into custody. (*Id.*). That same day, the Department of Homeland Security ("DHS") served Petitioner with a Notice to Appear charging him as removable under section 237(a)(2)(B)(i) of the Immigration and Nationality Act ("INA"), based on his controlled-substance conviction. (*Id.*; Doc. 1 at 13-14). The Notice to Appear directed Petitioner to appear before an immigration judge at the Krome North Service Processing Center in Miami, Florida, on March 11, 2026. (Doc. 1 at 13). The I-213 states no valid travel document is in the file. (Doc. 8-1 at 3).

Petitioner is now detained at the Mesa Verde ICE Processing Center in Bakersfield, California, approximately 2,500 miles from the immigration court to which he was originally summoned and from the community in which he resided. The record does not disclose when or why Petitioner was transferred, whether venue in the removal proceedings was changed, or what has occurred in those proceedings since February 2026.

**B. This Action**

Petitioner filed the instant petition on June 3, 2026 and raises three grounds, all sounding in the Due Process Clause of the Fifth Amendment: (1) that Petitioner's detention has become unreasonably prolonged and no longer serves a civil immigration purpose; (2) that Petitioner has been denied a meaningful individualized custody review before a neutral decisionmaker at which the Government bears the burden of proof; and (3) that continued physical detention is excessive because less restrictive alternatives would adequately protect the Government's interests. (*See* Doc. 1). Petitioner asks the Court to declare his detention unlawful and order his immediate release or, in the alternative, to order a prompt bond hearing. (*Id.* at 7).

Petitioner attaches to his petition, among other exhibits, letters of support from his spouse, an uncle and aunt, and a longtime friend; medical records documenting his spouse's serious and ongoing endocrine condition and course of treatment; a Florida marriage record reflecting Petitioner's 2023 marriage; and a letter from Petitioner's former employer describing his employment from April 2024 through February 2026. (*Id.* at 15-35).

On July 2, 2026, the undersigned ordered Respondent to show cause why the petition should not be granted. (Doc. 4). On July 31, 2026, Respondent filed an opposition, accompanied by a Form I-213 and a criminal-history record.[1] (Docs. 8, 8-1, 8-2). Respondent's submission does not include a declaration from a deportation officer, any record of proceedings before the immigration court, or any information concerning the current posture of Petitioner's removal proceedings. Petitioner's traverse is not due until August 31, 2026, and none has been filed thus far. (*See* Doc. 4). Nonetheless, the undersigned finds the matter suitable for resolution on the present record. Petitioner is not prejudiced as these findings and recommendations recommend granting the relief Petitioner principally seeks, and Petitioner retains the opportunity to be heard through objections. To the extent Petitioner timely files a traverse, the undersigned will consider it and may amend these findings and recommendations as necessary.

## III. DISCUSSION

### A. Jurisdiction

A district court may grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order." *Lopez-Marroquin v. Barr*, 955 F.3d 759, 759 (9th Cir. 2020). The Supreme Court has confirmed that federal courts have jurisdiction to review a constitutional challenge to a noncitizen's detention. *See*

[1] Respondent's opposition is captioned "Warden, California City Detention Center" and its introduction refers to an "Application" and, in the accompanying certificate of service, to an "EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER." (Doc. 8 at 1, 7). No such application has been filed in this matter, and Petitioner is detained at Mesa Verde, not California City. The undersigned construes Doc. 8 as Respondent's response to the July 2, 2026 order to show cause.

*Demore v. Kim*, 538 U.S. 510, 517 (2003). Petitioner is detained at the Mesa Verde ICE Processing Center in Bakersfield, California, within this judicial district, and he challenges the constitutionality of his detention. Jurisdiction is therefore proper.

Further, the Supreme Court in *Demore* did not foreclose a Due Process Clause challenge where detention extends well beyond the period the Court contemplated. *See Demore* at 532-33 (Kennedy, J., concurring) (a detainee "could be entitled to an individualized determination as to his risk of flight and dangerousness if the continued detention became unreasonable or unjustified"). Petitioner asks the Court whether the Due Process Clause entitles him to a hearing, and that question remains within the Court's jurisdiction.

**B. Respondent's Exhaustion Argument Does Not Reach Petitioner's Claim**

Respondent contends that any challenge to Petitioner's classification as subject to mandatory detention must be raised through a "Joseph Hearing" before the immigration judge, and that Petitioner has failed to exhaust that remedy. (Doc. 8 at 3 (citing *Matter of Joseph*, 22 I. & N. Dec. 799 (BIA 1999)). That argument is misdirected. A Joseph Hearing addresses only whether a detainee is properly included within a mandatory-detention category or whether the government is substantially likely to establish the mandatory-detention grounds. It does not provide any individualized assessment of flight risk or dangerousness, and it affords no bond determination.

Petitioner does not appear to contest that his conviction is a proper predicate for detention under section 1226(c). Instead, Petitioner argues that the duration of his detention without any individualized bond determination now offends due process. That claim does not depend on the classification question a Joseph Hearing resolves, and exhaustion of that administrative remedy is therefore not required. For purposes of these findings, the undersigned assumes that Petitioner is properly detained under section 1226(c), and does not reach whether his conviction is a proper predicate.

**C. Petitioner's Detention Is Governed by Section 1226(c)**

The parties agree that Petitioner's detention is governed by 8 U.S.C. § 1226. (Doc. 8 at 1). Petitioner has been charged as removable under INA § 237(a)(2)(B)(i) based on a post-admission controlled-substance conviction, an offense covered by 8 U.S.C. § 1227(a)(2)(B). No final order

of removal has been entered on this record, so detention is not governed by 8 U.S.C. § 1231. The undersigned therefore proceeds on the understanding that section 1226(c) supplies the statutory authority for Petitioner's detention.

**D. Petitioner's Continued Detention Without a Bond Hearing Violates Due Process**

The Fifth Amendment's Due Process Clause provides that no person shall be "deprived of life, liberty, or property, without due process of law." "It is well established that the Fifth Amendment entitles aliens to due process of law" in removal proceedings, *Reno v. Flores*, 507 U.S. 292, 306 (1993), and "[a] statute permitting indefinite detention of an alien would raise a serious constitutional problem," *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). At the same time, "[d]etention during removal proceedings is a constitutionally permissible part of that process." *Demore*, 538 U.S. at 531.

In *Demore*, the Supreme Court sustained such detention under section 1226(c) on the understanding that it lasts only "for the brief period necessary for [the noncitizen's] removal proceedings," relying on data reflecting detention averaging approximately a month and a half, and approximately four months in the minority of cases involving an appeal to the Board of Immigration Appeals. *Demore*, 538 U.S. at 513, 529-31. As discussed above, *Demore* does not, however, foreclose a Due Process Clause challenge where detention extends well beyond the period the Court contemplated. *See id.* at 532-33 (Kennedy, J., concurring) (a detainee "could be entitled to an individualized determination as to his risk of flight and dangerousness if the continued detention became unreasonable or unjustified").

Under section 1226(c), there is no bright-line rule fixing the point at which detention becomes unreasonable. *See Jennings v. Rodriguez*, 583 U.S. 281, 297-303 (2018); *see also Gonzalez v. Bonnar*, No. 18-cv-05321-JSC, 2019 WL 330906, at *2 (N.D. Cal. Jan. 25, 2019). Where a Due Process Clause challenge is presented, courts evaluate the claim under the balancing framework of *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976), weighing the private interest at stake, the risk of erroneous deprivation of that interest, and the Government's interest. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206-07 (9th Cir. 2022); *Diep v. Wofford*, No. 1:24-cv-01238-SKO, 2025 WL 604744 (E.D. Cal. Feb. 25, 2025). Applying that framework to immigration

detention, the Ninth Circuit has identified as relevant the duration of detention to date, the anticipated duration of future detention, delays attributable to either party, and the likelihood that the proceedings will result in a final removal order. *Rodriguez Diaz*, 53 F.4th at 1207-08.

The end of Petitioner's detention is not reasonably foreseeable. Civil immigration detention is nonpunitive and is ordinarily justified only by the twin purposes of preventing flight and protecting the community pending removal. *Zadvydas*, 533 U.S. at 690. Detention that is not reasonably related to those purposes, including detention that has become prolonged and lacks a determinable end, raises serious constitutional concerns. *Id.* at 690-91. Respondent correctly observes that detention under section 1226(c) "has a definite termination point: the conclusion of removal proceedings." *Jennings*, 583 U.S. at 304 (quotation marks omitted). But that endpoint is not near or reasonably foreseeable. Having been detained since February 10, 2026, Petitioner's immigration case remains pending. Notwithstanding any future appeal considerations, there is no determinable end to Petitioner's detention. In accordance with *Jennings*, the undersigned does not treat any fixed period of detention under section 1226(c) as a bright line. Nonetheless, in light of the more than six months of detention here with no reasonably foreseeable endpoint, the *Mathews* balancing test now favors an individualized hearing.

i. <u>Private Interest.</u>

Petitioner's interest in "freedom from prolonged detention" is "unquestionably substantial." *Singh v. Holder*, 638 F.3d 1196, 1208 (9th Cir. 2011). Petitioner has been in ICE custody since February 10, 2026—more than six months—without any bond hearing or individualized custody determination. This detention period exceeds the four-month figure the Supreme Court described in *Demore* as the outer range for a section 1226(c) detainee who pursues an appeal. 538 U.S. at 529–30. This factor weighs substantially in Petitioner's favor.

Additionally, as discussed above, the record establishes no anticipated endpoint. After more than six months of detention, Petitioner remains pending. Furthermore, there is no record of any delay or dilatory conduct that is attributable to Petitioner. Here, Petitioner's interest is not merely in release, but in the far more modest procedural protection of an individualized bond hearing. The record supplies specific content to that interest. Petitioner's spouse has documented a serious,

chronic endocrine condition requiring ongoing specialist management, and describes her dependence on Petitioner for practical, financial, and emotional support. (Doc. 1 at 16, 25-31). Petitioner maintained continuous employment for nearly two years preceding his detention. (*Id.* at 35). Family members and a longtime friend attest to his community ties. (*Id.* at 18-23). And without explanation from Respondent, Petitioner is detained approximately 2,500 miles from that family and community. This factor weighs in Petitioner's favor.

ii. <u>Risk of Erroneous Deprivation.</u>

"[T]he risk of an erroneous deprivation of [a petitioner's] interest is high" where he "has not received any bond or custody redetermination hearing." *Jimenez v. Wolf*, No. 19-cv-07996-NC, 2020 WL 510347, at *3 (N.D. Cal. Jan. 30, 2020). Petitioner has received no individualized bond hearing before an immigration judge. The very premise of an individualized bond hearing is that assertions of dangerousness and flight risk are tested before a neutral adjudicator rather than presumed from the face of a charging document. Whatever the outcome of a bond hearing, where the Government may carry its burden, the probable value of subjecting its allegations to individualized scrutiny after more than six months of detention is substantial, and the risk of erroneous deprivation in the continued absence of any hearing is likewise high. This factor favors Petitioner.

Respondent's contention that the process due is a determination whether Petitioner is "properly included" in a mandatory detention category does not alter this conclusion. (Doc. 8 at 3). As discussed above, a *Joseph* hearing tests whether a detainee is properly included within section 1226(c), meaning whether the government is substantially unlikely to prevail on the charge that triggers mandatory detention. *See Matter of Joseph*, 22 I. & N. Dec. 799 (BIA 1999). It reaches neither dangerousness nor flight risk, and it does not address Petitioner's constitutional claim.

iii. <u>Government's Interest.</u>

The Government's interest "[includes] the function involved and the fiscal and administrative burdens that the additional or substitute requirement would entail." *Mathews*, 424 U.S. at 335. The Government has a strong interest in effectuating removal. *Demore*, 538 U.S. at 531. In addition, the Government has a strong interest in protecting the public. But the key

Government interest at stake here "is not the continued detention of Petitioner, but the government's ability to detain him *without a bond hearing*." *Zagal-Alcaraz v. ICE Field Office Dir.*, No. 3:19-cv-01358-SB, 2020 WL 1862254, at *7 (D. Or. Mar. 25, 2020). Providing a single individualized hearing imposes minimal fiscal and administrative burden, and it does not compel Petitioner's release. If the Government establishes that Petitioner is a danger or a flight risk, his detention will continue. The Government's interest in avoiding that limited process does not outweigh Petitioner's substantial liberty interest after more than six months without review. The question of whether continued detention is warranted is committed to the immigration judge.

Weighing the *Mathews* factors, the undersigned concludes that Petitioner's continued detention under section 1226(c), without any individualized bond hearing, has become unreasonably prolonged, and that due process now requires an individualized bond hearing.

## IV. CONCLUSION AND RECOMMENDATION

Based on the foregoing, the undersigned HEREBY RECOMMENDS that:

1. The petition for writ of habeas corpus (Doc. 1) be **GRANTED IN PART**;
2. Within ten (10) days of any order adopting these findings and recommendations, Respondent be ORDERED to provide Petitioner an individualized bond hearing before an immigration judge. *See Lopez v. Garland*, 631 F. Supp. 3d 870, 882 (E.D. Cal. 2022) (identifying a bond hearing as the appropriate remedy, rather than release). At the hearing, the Government must establish "by clear and convincing evidence that an alien is a flight risk or a danger to the community to justify denial of bond." *Id.* (citations omitted). If Respondent fails to provide Petitioner with a bond hearing as required by the Court's order, Petitioner should be immediately released from detention;
3. The petition (Doc. 1) be **DENIED** to the extent Petitioner's immediate release is sought.

These Findings and Recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

Within fourteen (14) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. *Id.* The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated: **August 18, 2026**

Erin Sny Castillo
UNITED STATES MAGISTRATE JUDGE