UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

RAUL GUTIERREZ SANTA CRUZ (A-Number: 208-447-986),

Petitioner,

v.

WARDEN, Mesa Verde ICE Processing Center,

Respondent.

No. 1:26-cv-04250-KES-EGC (HC)

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING PETITION FOR WRIT OF HABEAS CORPUS, AND REQUIRING BOND HEARING WITHIN FOURTEEN (14) DAYS

Docs. 1, 11

Petitioner Raul Gutierrez Santa Cruz is an immigration detainee proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Doc. 1. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 19, 2026, the assigned magistrate judge issued findings and recommendations that recommended granting the habeas petition in part and ordering respondent to provide petitioner a bond hearing. Doc. 11 at 8. The findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within fourteen (14) days after service. Doc. 11 at 9. On September 1, 2026, respondent filed objections, Doc. 16, and on

September 14, 2026, petitioner filed a response, Doc. 18.

First, respondent objects that petitioner's "failure to prepare for his immigration case delayed his proceedings multiple times, lengthening his detention." Doc. 16 at 1. Respondent indicates that petitioner has been granted three continuances in his immigration proceedings—twice so that petitioner's counsel could prepare and once so that petitioner could prepare after dismissing his counsel. Doc. 15 at 1–2. Petitioner notes that he needed time to prepare in part because he had been transferred from Florida to California. Doc. 18 at 3–4. "[A]n individual's private interest in 'freedom from prolonged detention' is 'unquestionably substantial.'" *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1207 (9th Cir. 2022) (quoting *Singh v. Holder*, 638 F.3d 1196, 1208 (9th Cir. 2011)). In evaluating a petitioner's private interest, the court must consider the process that petitioner has received, the further process that is available, and whether the length of detention is attributable to petitioner's actions. Given that petitioner has been detained more than eight months without a bond hearing, and § 1226(c) does not afford petitioner a statutory procedure to obtain a bond hearing, the fact that petitioner has been granted multiple continuances in his immigration proceedings does not diminish that the first factor weighs in petitioner's favor.

Second, respondent objects to the finding that petitioner's prolonged detention violates due process because petitioner's "private interest should hold minimal weight[,] . . . there is no real risk of erroneous deprivation[, and] . . . the government possesses a significant interest in detaining Petitioner during his removal proceedings." Doc. 16 at 1–2. Respondent's second objection essentially restates arguments that the magistrate judge has already properly addressed, and respondent does not identify any legal error in the magistrate judge's analysis.

In accordance with 28 U.S.C. § 636(b)(1), the court reviewed the matter de novo. Having carefully reviewed the file, including respondent's objections and petitioner's response, the court concludes that the findings and recommendations are supported by the record and proper analysis.

The Court ORDERS:

1. The findings and recommendations, Doc. 11 are ADOPTED.
2. The petition for writ of habeas corpus, Doc. 1, is GRANTED.

3. Respondent is ORDERED to provide petitioner Raul Gutierrez Santa Cruz (A-Number: 208-447-986) with a bond hearing before an immigration judge to be held within fourteen (14) days that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), at which:
   a. "the government must prove by clear and convincing evidence that petitioner is a flight risk or a danger to the community to justify denial of bond," *Singh*, 638 F.3d at 1203, and
   b. the immigration judge should consider petitioner's financial circumstances or alternative conditions of release in the event petitioner is determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond.
4. Respondent shall immediately provide petitioner with a copy of this Order and shall provide him with 72 hours' notice before the bond hearing in a language that he can understand. Petitioner may be represented by an attorney at this hearing, and respondent may extend the deadline at petitioner's request so that he can obtain an attorney. If petitioner obtains an attorney, his attorney shall also be given 72 hours' notice before the bond hearing. If respondent does not provide petitioner with a bond hearing within fourteen (14) days, then respondent must release him.
5. The Clerk of Court is directed to serve Mesa Verde ICE Processing Center with a copy of this Order.
6. The Clerk is directed to close this case, enter judgment for petitioner, and terminate any remaining motions as moot.

IT IS SO ORDERED.

Dated: October 21, 2026

UNITED STATES DISTRICT JUDGE